IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK JOVAN McRAE,                )
                                    )
                    Petitioner,     )
                                    )
            v.                      )         1:21CV577
                                    )
ERIK HOOKS,                         )
                                    )
                    Respondent.     )

## ORDER OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed a motion to dismiss on statute-of-limitations grounds (Docket Entry 8). Petitioner concedes that his petition is untimely but claims that he presents reliable evidence of actual innocence sufficient to proceed through the *McQuiggin/Schlup* gateway to merits review. In aid of this argument, Petitioner has requested that this Court grant him limited discovery. (*See* Docket Entries 13, 14.) Respondent filed a response in opposition to the motion for discovery (Docket Entry 16). Petitioner replied to the opposition (Docket Entry 17). For the reasons that follow, the motion for discovery will be granted.

## Rule 6(a)

Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." Rules Governing § 2254 Cases Rule 6(a). A petitioner shows such good cause "where specific allegations before the court show reason to believe that the petitioner may, if

the facts are fully developed, be able to demonstrate that he is[ ] entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (citation omitted). In the context of this case, the relief Petitioner seeks passage through the actual-innocence gateway authorized by *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), to the merits review of his time-barred petition.

Petitioner received very little discovery from the State prior to his trials. (*See* Docket Entry 1 at 15 n.10.) During his Motion for Appropriate Relief ("MAR") proceedings, the State produced discovery that included the investigative file from the Rockingham Police Department ("RPD"). (Docket Entry 14 at 2.) At the MAR hearing, the lead detective in Petitioner's case, Robert Voorhees, testified that the master file was not complete: "It's missing a lot of the information that's indexed in it." (Docket Entry 10-16 at 141.) Petitioner seeks the documents missing from the file and, if they are not located, asks to be allowed to depose members of the district attorney's office and police officers who had access to and/or responsibility over the files.

Petitioner's actual-innocence claims challenge, in part, the quality of the police investigation in his case. The missing four-and-a-half months of documents from the RPD master file should have included information on the investigation, including other suspects who were investigated, according to Voorhees. (*See* Docket Entry 10-17 at 84.) All the originally withheld statements implicating Petitioner were made between February 21 and March 1, 1996. (Docket Entry 14 at 3; *see* Docket Entry 1 at 13.) Petitioner raises valid questions regarding what the missing files, particularly those created before police zeroed in on Petitioner and Thurmond Nelson as the main suspects, might contain and what exculpatory evidence might be revealed when the documents are produced.

2

Petitioner's specific allegation that the missing documents will shed light on the police's investigation of the victim and other suspects gives the Court reason to believe that Petitioner may be able to meet the actual innocence threshold if the facts in his case are fully developed. Petitioner, therefore, has shown good cause that limited discovery would lead to evidence that may entitle him to relief. In the interests of justice, the Court grants Petitioner leave to conduct discovery. Petitioner may (1) seek production of the RPD files relating to the murder of Jeremy Rankin, dating from October 14, 1995, to March 1, 1996, and (2) if the files cannot be located or produced, depose relevant members of the RPD and the district attorney's office regarding the location and contents of the files. The parties have forty-five days to complete this discovery.

## **CONCLUSION**

Petitioner has shown good cause for this Court to authorize limited discovery in this case. Pending completion of discovery, the Court will stay action on Respondent's motion to dismiss (Docket 8). Additionally, the Court will grant Respondent's unopposed motion for leave to expand word limitation (Docket Entry 9) as it relates to the brief in support of its response to the habeas petition (Docket Entry 10).

IT IS THEREFORE ORDERED that Respondent's motion for leave to expand word limitation (Docket Entry 9) is **GRANTED** and that Petitioner's motion for discovery (Docket Entry 13) is **GRANTED**, to the limited extent that Petitioner may seek the files missing from the Rockingham Police Department master file from the time the investigation was opened (October 14, 1995) to the arrest date of the Petitioner (March 1, 1996). In the case that the files cannot be located, Petitioner may depose such officers of the RPD and members of the district attorney's office who had access to and/or control of the master file regarding the whereabouts and contents of the missing files. The parties have forty-five days to complete this discovery.

IT IS FURTHER ORDERED that Respondent's motion to dismiss (Docket Entry 8) is **STAYED** pending completion of discovery. The Clerk's office is to stay Docket Entry 8 until further orders from the Court.

_____
Joe L. Webster
United States Magistrate Judge

August 29, 2022
Durham, North Carolina