THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK JOVAN MCRAE,           )
                               )
            Petitioner,        )
                               )
    v.                         )    1:21CV577[1]
                               )
ERIK HOOKS,                    )
                               )
            Respondent.        )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Petitioner's motion for contempt (Docket Entry 30) and motion to seal (Docket Entry 31). Non-party deponent, Kenneth Honeycutt, has also filed a motion to seal (Docket Entry 33), which is docketed as a "Response" in support of Petitioner's motion to seal. For the reasons set forth below, the undersigned will grant in part and deny part the motions to seal and recommend denial of Petitioner's motion for contempt.

## I. MOTIONS TO SEAL

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On August 29, 2022, the Court entered a discovery order granting limited discovery to Petitioner for production of documents from October 14, 1995, to March 1, 1996, relevant to the investigation of the murder of Jeremy Rankin. (Docket Entry 18.) If those documents could not be located, the discovery order

---

[1] This Order and Recommendation in its entirety will be filed under seal, with copies made available to Petitioner and Mr. Honeycutt. Publicly filing this Order and Recommendation would defeat the purpose of the grant of the parties' motions to seal. A redacted copy of this Order and Recommendation, available to the public, that redacts sealed information and discussion of the same, will also be filed.

authorized Petitioner to depose individuals from both the Rockingham Police Department and Richmond County District Attorney's Office who had access to and/or responsibility over the relevant files. (*See id.*) The relevant documents were not produced, and thus, Petitioner began the process of deposing the relevant agencies and individuals who might have knowledge and/or control of the documents, assuming those documents exist. One of these individuals was Kenneth Honeycutt, District Attorney for the prosecutorial district encompassing Richmond County during the investigation of Mr. Rankin's murder and subsequent prosecution of Petitioner.

Mr. Honeycutt did not attend a deposition scheduled for September 28, 2022, and did not notify Petitioner's counsel that he would not be attending the deposition. Mr. Honeycutt was ultimately deposed in this matter a few months later, on December 2, 2022. Nevertheless, Petitioner now moves to hold him in civil contempt and seeks to recover the costs and fees related to the initial failed attempt to secure Mr. Honeycutt's deposition. (Docket Entry 30.)

Petitioner also moves to seal the memorandum and exhibits filed in support of his motion for civil contempt. (Docket Entry 31.) Petitioner states that he moves to seal the aforementioned documents because "Mr. Honeycutt's counsel was adamant that the memorandum be filed under seal. Thus, this motion is being filed pursuant to Mr. Honeycutt's request."[2] (*Id.* at 2.) Not surprisingly, Mr. Honeycutt, in turn, asserts that these documents should be sealed. (Docket Entry 33 at 1.) Mr. Honeycutt also moves to seal his response in

---

[2] Petitioner's position is that none of the documents discussed above should be sealed. (Docket Entry 31 at 2 ("Petitioner's position on the confidentiality and need to seal these materials is that no such designation is required."); Docket Entry 34 at 6 ("Petitioner objects to Honeycutt's motion to seal.").)

opposition to the motion for contempt and all accompanying exhibits, affidavits, and declarations as well as his affidavit attached to his memorandum filed in support of his motion to seal. (*Id.*) Mr. Honeycutt also requests that Petitioner be ordered to "redact his previously filed Motion to Seal . . . which contains information Honeycutt informed him prior to its filing was confidential."[3] (Docket Entry 34 at 1-2.) In support, Mr. Honeycutt asserts that "sealing is necessary to protect highly personal and sensitive confidential information" that is "related to his personal health." (*Id.* at 2-3.) As explained in greater detail below, the Court will grant these motions to the extent they request that documents containing sensitive medical information be held under seal, but otherwise deny them.

When a party proposes to seal judicial records to which a public right of access applies, the Court begins by "determin[ing] the source of the right of access with respect to each document," as "only then can it accurately weigh the competing interests at stake." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2024) (internal quotation marks omitted). "[The common-law] presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The relevant factors include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Under the more

---

[3] The Court will deny Mr. Honeycutt's efforts to have Petitioner's motion to seal redacted. He does not explain precisely what he seeks to have redacted from the motion to seal and the Court sees only vague references to the confidential information at issue.

3

stringent First Amendment standard, the Court may seal material "only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Under either standard, the Court evaluates the competing interests according to the following procedure. First, "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request." *Virginia Dep't of State Police*, 386 F.3d at 576. Next, "it must consider less drastic alternatives to sealing." *Id.* Finally, "if it decides to seal[,] it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* Those steps "ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." *Id.*

Here, as explained in greater detail below, the three elements have been met as to most (but not all) of those documents Mr. Honeycutt seeks to seal. This is because those documents contain sensitive medical information regarding Mr. Honeycutt's health. (Docket Entry 32 Exs. 4, 6, and 7; Docket Entry 35, Ex. 1; Docket Entry 37, Ex. 1; Docket Entry 40, Exs. 1 and 2.) The Court will therefore seal those documents. (*See id.*) Nevertheless, a few of the exhibits that Mr. Honeycutt seeks to seal contain no sensitive medical information, nor any other information that would warrant their sealing. (Docket Entry 32, Exs. 1, 2, 3, 5, 8, 9.) Consequently, those exhibits will be unsealed.

More specifically, first, the motions to seal, pending on the record since December 2022 (Docket Entries 31 and 33), provide adequate public notice of the intent to file these

documents under seal. The docket reflects no action by an interested party other than Petitioner (whose objections are unpersuasive)[4] contesting an order to seal.

Second, for those documents containing sensitive medical information, less drastic alternatives to sealing the documents at issue do not exist. As noted, those documents contain very specific and personal health information about Mr. Honeycutt. As this information forms the basis of whether Mr. Honeycutt knowingly violated the terms of the deposition subpoena or had adequate excuse for missing the deposition, redacting the information does not adequately protect Mr. Honeycutt's privacy, because of the breadth of confidential information throughout the records, while allowing the Court to understand the issues.[5]

Third, there are good reasons supporting a decision to seal the documents containing Mr. Honeycutt's sensitive medical information. Mr. Honeycutt's sensitive medical information does not help the public to understand the ultimate issue before the Court: whether Petitioner

---

[4] As noted, Petitioner objects to sealing any documents or information. He contends that no such designation is required because the dispute is based on information provided by Mr. Honeycutt to excuse his non-compliance and because "Petitioner's counsel is unaware of any statutory protection of personal health information voluntarily disclosed by a person seeking to excuse his failure to comply with a federal subpoena." (Docket Entry 31 at 3.) As demonstrated herein, the Court regularly permits confidential medical information to be redacted or sealed. Petitioner's objections are unpersuasive.

[5] *See, e.g., Fulp v. Columbiana Hi Tech, LLC*, No. 1:16CV1169, 2018 WL 1027159, at *10 (M.D.N.C. Feb. 21, 2018) ("Columbiana's Exhibit E will be sealed. These records contain Fulp's confidential sensitive and personal medical information, the protection of which serves an important governmental interest. There is no less restrictive way to serve that interest than sealing the entirety of those medical records because of the breadth of confidential information throughout the records. The public has had notice since the motion was filed on January 18, 2018, and no objections to their sealing have been made. Therefore, Columbiana's motion to seal Fulp's medical records in Exhibit E to Columbiana's motion for summary judgment is granted.").

is actually innocent of murder in 1995. The information sought to be sealed is irrelevant to the Petition. Additionally, the public does not already have access to the information Mr. Honeycutt requests to seal. Additionally, Mr. Honeycutt is a non-party who has privacy rights in his information. "Non-parties have privacy rights in their information, which are appropriately considered in connection with motions to seal." *Equal Emp. Opportunity Comm'n v. Loflin Fabrication LLC*, No. 1:18-CV-813, 2020 WL 3845020, at *3 (M.D.N.C. July 8, 2020). Finally, courts have routinely sealed documents containing sensitive medical information.[6]

In light of all this, the Court will order that the following documents remain sealed: Petitioner's brief in support of his motion for civil contempt (Docket Entry 32) as well as Exhibits 4, 6, and 7 thereto; Mr. Honeycutt's opposition to the motion seeking civil contempt (Docket Entry 37) as well as Exhibit 1 thereto; Petitioner's reply in support of his motion for civil contempt (Docket Entry 40) as well as Exhibits 1 and 2 thereto; and Mr. Honeycutt's affidavit (Exhibit 1 to Docket Entry 35). However, the Clerk will be ordered to unseal Exhibits 1, 2, 3, 5, 8, 9 to Docket Entry 32, Petitioner's brief in support of his motion for civil contempt.

## II. MOTION FOR CIVIL CONTEMPT

Petitioner has also moved to hold Mr. Honeycutt in civil contempt. (Docket Entry 30.)

### a. The Governing Law

Sanctions for civil contempt may be imposed "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re Gen.*

---

[6] *See, e.g., Bell v. Shinseki*, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013) (granting motion to seal exhibits containing sensitive medical information); *Rock v. McHugh*, 819 F. Supp. 2d 456, 476-77 (D. Md. 2011) (granting motion to seal in part, including motion to seal records with detailed medical diagnoses); *Briggs v. Marriott Int'l, Inc.*, 368 F. Supp. 2d 461, 463 n.1 (D. Md. 2005).

*Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (internal citation and quotations omitted). "Civil contempt is an appropriate sanction if an order of the Court set[s] forth in specific detail an unequivocal command which a party has violated." *Clayton v. Ameriquest Mortg. Co.*, No. 1:02CV00415, 2005 WL 8166707, at *3 (M.D.N.C. Oct. 26, 2005) (internal citation and quotations omitted). To support a finding of civil contempt, a movant must establish by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*United v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017) (citation omitted). Once a prima facie showing of civil contempt is established, the burden shifts to the alleged contemnor to justify any non-compliance. *Superior Performers, Inc. v. Meaike*, No. 1:13CV1149, 2014 WL 3734758, at *3 (M.D.N.C. July 29, 2014) (citation omitted). "Recognized defenses to civil contempt include: (1) a good-faith attempt to comply with the [C]ourt's order; (2) substantial compliance; and (3) an inability to comply." *Id.* (citation and quotations omitted). "The court need not make a finding that defendant's actions were willful in order to find him in contempt of court." *JTH Tax, Inc. v. Lee*, 540 F. Supp. 2d 642, 645 (E.D. Va. 2007) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).

Ultimately, "[c]ivil contempt orders—and the appropriate consequences for violating them—fall to the district court's discretion." *Consumer Fin. Prot. Bureau v. Klopp*, 957 F.3d 454, 461 (4th Cir. 2020). It is very important, however, that "[p]rior to holding a person in contempt, the court must provide the alleged contemnor notice and opportunity for a

7

hearing." *JTH Tax, Inc. v. Noor*, No. 2:11cv22, 2012 WL 4473252, at *2 (E.D. Va. Sept. 26, 2012) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) and *In re Computer Dynamics, Inc.*, 253 B.R. 693, 699 (E.D. Va. 2000)).

### b. The Magistrate Judge's Authority Regarding Civil Contempt

The contempt authority of the United States Magistrate Judge is governed pursuant to Section 636(e) of the United States Magistrate Judges Act. It states that "[a] United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection." 28 U.S.C. § 636(e)(1). In a civil matter such as the instant case where the parties have not consented to magistrate judge jurisdiction, Section 636(e)(6)(B) of the United States Magistrate Judges Act provides that upon commission of an act that constitutes civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(b). *See also First Union Rail Corp. v. Springfield Terminal Ry. Co.*, No. 3:08CV230, 2009 WL 1469632, at *3 (W.D.N.C. May 20, 2009) (citation omitted) ("In the typical case, a United States Magistrate Judge may certify facts for contempt proceedings before an Article III district judge and order the alleged contemnor to show cause before that judge why contempt should not be adjudged in light of the certified facts.").

c. The Court's Certified Findings of Fact









**d. Analysis**

**i. Mr. Honeycutt Did Not Knowingly Violate the Deposition Subpoena.**

Petitioner has not shown by clear and convincing evidence that the Court should hold non-party deponent Kenneth Honeycutt in civil contempt for his failure to appear for the September 28th deposition, or to notify Petitioner's counsel in advance that he was unable to attend the scheduled deposition.[7] Specifically, Mr. Honeycutt was properly served with a subpoena and failed to appear for his deposition at the designated time. Consequently, Petitioner has demonstrated (1) the existence of a valid decree (the subpoena) of which Mr. Honeycutt had actual knowledge, (2) that the decree was in Petitioner's favor, and (3) that his counsel expended time and resources due to Mr. Honeycutt's failure to attend, or to request to reschedule, the September 28th deposition. Nevertheless, Petitioner has not established that

---

[7] The Court also concludes that, based on the findings of fact and legal analysis contained throughout this Recommendation, even assuming for the sake of argument that Petitioner has put forth a prima facie case for civil contempt, Mr. Honeycutt has demonstrated both that he acted in good faith in attempting to comply with the initial deposition subpoena and, beyond this, that he was unable to comply with the initial deposition subpoena.

12

Mr. Honeycutt knowingly violated the terms of the decree when he failed to show up at the deposition at 2:00 p.m. on September 28, 2022.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████
  ████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████
  ████████████████████████████████████████████
███████████████████████████████████████████████



ii. Petitioner's Arguments to the Contrary Are Not Persuasive.


15



For all these reasons, the undersigned recommends that Petitioner's motion for civil contempt be denied.[8]

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's motion to seal (Docket Entry 31) and Mr. Honeycutt's Motion to Seal (Docket Entry 33), which is currently docketed as a "Response" to Petitioner's motion to seal, both be **GRANTED** in part and **DENIED** in part as follows. The motions are **GRANTED** insofar as the following documents shall remain under seal: Petitioner's brief in support of his motion for civil contempt (Docket Entry 32) as well as Exhibits 4, 6, and 7 thereto; Mr. Honeycutt's opposition to the motion seeking civil

---

[8] Neither Petitioner nor Mr. Honeycutt have requested an evidentiary hearing on the motion for civil contempt. Nor does the Court see a need for one, because any outstanding issues of fact here are not material to the outcome of the contempt motion.

16

contempt (Docket Entry 37) as well as Exhibit 1 thereto; Petitioner's reply in support of his motion for civil contempt (Docket Entry 40) as well as Exhibits 1 and 2 thereto; and Mr. Honeycutt's affidavit (Exhibit 1 to Docket Entry 35). The motions are otherwise **DENIED** and the Clerk is **ORDERED** to unseal the following documents: Exhibits 1, 2, 3, 5, 8, 9 to Docket Entry 32.

**IT IS RECOMMENDED** that Petitioner's motion for contempt (Docket Entry 30) be **DENIED**.

/s/ Joe L. Webster
United States Magistrate Judge

June 27, 2023
Durham, North Carolina